**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SABRINA VIVINO, : | |
| : | |
| **Plaintiff,** : | Civil Action No.   09-3423(FSH) |
| v. : | |
| : | |
| SUSSEX COUNTY : | |
| CORRECTIONAL OFFICERS, : | |
| : | **ORDER ON INFORMAL** |
| : | **APPLICATION** |
| **Defendants.** : | |
| : | |

This matter having come before the Court by way of the plaintiff's application, filed on

December 11, 2009 for appointment of <u>pro</u> <u>bono</u> counsel;

and the Court having considered the plaintiff's application;[1]

and the Court noting that it has broad discretion under 28 U.S.C. § 1915 to appoint <u>pro</u>

<u>bono</u> counsel to represent indigent litigants, <u>see</u> <u>Parham v. Johnson</u>, 126 F.3d 454, 456–57 (3d

Cir. 1997);

---

[1] On July 8, 2009, Sabrina Vivino ("the plaintiff") submitted a Complaint alleging that
several correctional officers ("the defendants") assaulted her and thereby violated her
constitutional rights.  (Compl., Docket Entry No. 1, at 6.)  The plaintiff alleges that the
defendants handcuffed her, sprayed mace in her face, and placed her in a restraining chair for six
hours before allowing her to wash the mace from her person.  (Id.)

On October 8, 2009, the Honorable Faith S. Hochberg dismissed the plaintiff's
application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> without prejudice and terminated the case.  (<u>See</u> Mem.
Op., Docket Entry No. 3; Order, Docket Entry No. 4.)  On November 20, 2009, the Court
reopened the plaintiff's case, granted the plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and
allowed the Complaint to be filed.  (Order, Docket Entry No. 7.)  On December 11, 2009, the
plaintiff applied for <u>pro</u> <u>bono</u> counsel.  (Pl. Application, Docket Entry No. 11.)

-1-

and it appearing that a court may grant a properly filed application for appointment of pro

bono counsel if the plaintiff's claims have some "merit in fact and law," Montgomery v.

Pinchak, 294 F.3d 492, 499 (3d Cir. 2002);

and the Court further being required to consider the following non-exhaustive list of

factors:

> 1. the plaintiff's ability to present his own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the plaintiff's
> ability to pursue the investigation;
> 4. the plaintiff's capacity to retain counsel on her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations; and
> 6. whether the case will require testimony from expert witnesses.

Id. at 499; Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (also known as the Tabron factors);

and the Court assuming for the purposes of this application that the plaintiff's claims are

meritorious;

and the plaintiff's application being insufficient to warrant the appointment of pro bono

counsel under the Tabron factors;[2]

---

[2] In support of her application for pro bono counsel, the plaintiff states that she is entitled to counsel because she is currently incarcerated and lacks "the complete legal knowledge and information to represent [herself]."  (Pl.'s Application, Docket Entry No. 11, at 3.)  She also states that she cannot afford counsel due to her incarceration.  (Id.)

The case is at its earliest stages.  Summons have been issued and there is no proof that defendants have been served.  Thus, the application may be premature as "the factual and legal issues have not been tested or developed by the general course of litigation," and some of the Tabron factors may be "particularly difficult to evaluate."  Ali v. D.O.C., Civ. 08-2425, 2008 WL 2397594, at *1 (D.N.J. June 10, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, Civ. No. 99-4122, 2000 WL 1022979 (E.D. Pa. July 18, 2000) (internal quotes omitted)); Burns v. Taylor, Civ. No. 08-2334, 2008 US Dist. LEXIS 838309, at *3 (D.N.J. Oct. 9, 2008) (not published on Westlaw).

Based upon this record, and assuming without deciding that the plaintiff's claims are

_____

meritorious, her application does not presently demonstrate a need for appointed counsel.

First, the Court finds that the plaintiff has the ability to competently present her own case. In analyzing this factor, a court must look to a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. While the extent of the plaintiff's prior litigation experience is not known, her complaint, application and other correspondence with the Court indicate that she is literate, able to describe her claims, and understands the rules of the Court. (See Docket Entry Nos. 1, 2, 5, 6, 11.) Thus, the plaintiff has the ability to present her case without appointed counsel.

Second, the Court finds that the plaintiff's claims do not appear to involve complex legal issues. See Montgomery, 294 F.3d at 502 (noting that a court will consider the appointment of counsel where the law is not clear or where the legal issues are so complex that the plaintiff's case will be greatly disadvantaged without attorney representation). Here, the plaintiff alleges the use of excessive force in violation of 42 U.S.C. § 1983. Such a claim generally does not involve complex legal issues warranting the appointment of pro bono counsel. Clinton v. Jersey City Police Dep't, Civ. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009).

Third, the plaintiff does not appear to be hindered in the factual investigation of her case nor does the case appear to be one in which a large amount of factual investigation will be necessary. As with similarly situated prisoners, the plaintiff "has access to the tools of discovery and has not voiced any challenges to [her] ability to conduct discovery." Id. Therefore, her status as an indigent prisoner who may need to conduct a factual investigation does not necessitate the appointment of pro bono counsel. See Montgomery, 294 F.3d at 503 (noting that "this is not to say that counsel should be appointed in every . . . claim by an indigent prisoner where some investigation may be necessary.")

Fourth, although the plaintiff is unable to afford her own counsel, she has not demonstrated any efforts to retain counsel. As a result, the plaintiff has not met the requirement that the applicant make an effort to secure counsel. See Parham, 126 F.3d at 461 (stating that "[c]ourts, of course, should be aware of the scarcity of counsel willing to accept pro bono appointments"); Thompson v. Union County Div. of Soc. Servs., Civ. No. 07-4928, 2008 U.S. Dist. LEXIS 62077, at *7 (D.N.J. July 29, 2008) (stating that "pro bono counsel is an extremely limited resource and the Court is reluctant to appoint counsel to an individual who has not demonstrated an effort to acquire his own representation.") (case not published on Westlaw); Holmes v. Painter, Civ. 07-5686, 1988 WL 52094, at *1 (E.D. Pa. May 18, 1988) (stating a prisoner alleging a civil rights claim must demonstrate reasonable efforts under the circumstances to obtain counsel).

Fifth, the extent to which this case will hinge on credibility determinations is not yet apparent. See Tabron 6 F.3d at 156. This Tabron factor requires the Court to determine whether the trial will be "solely a swearing contest." Parham, 126 F.3d at 460. It is unclear, however, if

IT IS ON THIS 1st day of February, 2010

ORDERED that the plaintiff's application for appointment of <u>pro</u> <u>bono</u> counsel is denied

without prejudice.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

---

this case will depend exclusively on the credibility of a party and, therefore, this factor presently does not call for the appointment of <u>pro bono</u> counsel.

Sixth, there is presently no indication that expert witnesses will be required to testify in this case. Unlike cases that require an expert to explain an important issue to the finder of fact, such as medical malpractice cases, the plaintiff's case involves injuries and events that are "apparent to a lay person" and do not entail the use of expert witnesses. <u>See</u> <u>Montgomery</u>, 294 F.3d at 504-05; <u>Clinton</u>, 2009 WL 2290938. This factor, therefore, does not weigh in favor of appointing counsel.

Although issues may arise which may suggest a need for counsel, <u>see</u> <u>Tabron</u>, 6 F.3d at 156–57, the plaintiff's present application and the present record does not support her request for appointment of <u>pro</u> <u>bono</u> counsel and it is therefore denied.

-4-